NOT DESIGNATED FOR PUBLICATION

No. 128,870

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ENRIQUE CLARK PERALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed December 19, 2025. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Enrique Clark Perales appeals the summary denial of his motion to correct an illegal sentence as moot since he had completed his sentence. We granted Perales' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. After review, we dismiss Perales' appeal as moot.

In November 2015, the State charged Perales with two counts of stalking, both class A person misdemeanors. In December 2015, Perales pled no contest to both counts. The district court sentenced Perales to 12 months in jail for each count and ran the sentences concurrent. The district court then ordered Perales to serve 30 days in jail and

1

placed Perales on 12 months' probation. Additionally, the district court ordered Perales to have no contact with either victim.

A few months later, the State moved to revoke Perales' probation based on his failure to report to his probation officer as required. The district court issued a bench warrant. No further action occurred until December 2020, when Perales wrote the court from prison—on unrelated Sedgwick County convictions—asking how to resolve the warrant.

In February 2021, Perales filed a pro se motion to revoke probation. He asserted he was currently serving a 253-month sentence for Sedgwick County convictions and his earliest possible release date was in 2034. Perales requested the district court revoke his probation in this case and run his sentences concurrent to his Sedgwick County case.

On June 15, 2021, Perales appeared in person and waived his right to counsel. The district court then revoked his probation and ordered that Perales' sentences run concurrent to his incarceration.

More than a year later, in August 2022, Perales moved for leave to appeal out of time. He asserted that his trial attorney failed to perfect an appeal or notify Perales he could file a pro se notice of appeal. The district court denied Perales' motion to appeal out of time, finding that he pled no contest more than six years earlier and the district court had advised him of his right to appeal.

Perales appealed the denial of his motion to appeal out of time. Another panel of this court dismissed Perales' appeal as moot because he had served his sentences. *State v. Perales*, No. 127,320, 2024 WL 4180466, at *2 (Kan. App. 2024) (unpublished opinion).

While that appeal was pending, on February 27, 2024, Perales filed a motion to correct an illegal sentence. He asserted that his sentence was illegal because count two was classified as a class A misdemeanor instead of a severity level 7 person felony. He also claimed that the district court's no-contact order constituted an illegal sentence. The district court denied Perales' motion to correct an illegal sentence as moot.

Perales appealed.

On appeal, Perales argues the district court erred in sentencing him because the misdemeanor sentence imposed for count two was illegal. In addition, Perales argues the district court erred in imposing the no-contact order.

Under K.S.A. 22-3504(a), "[t]he court may correct an illegal sentence at any time *while the defendant is serving such sentence.*" (Emphasis added.) Once a defendant completes the imposed sentence, he or she can no longer assert a claim for illegal sentence under K.S.A. 22-3504(a). Perales began serving his 12-month concurrent sentences in June 2021. Perales completed his sentences in 2022, long before he filed his motion to correct an illegal sentence in February 2024. Perales' appeal is moot.

Appeal dismissed.